## MARTIN & LINDERMAN *v.* A. HOGANCAMP.

**Damages—Negligence.**

In case of damages caused by the wreck of a boat the owner is only liable where the wreck was caused by his own negligence or carelessness. Where the wreck is caused by the carelessness of an employe, the owner is not liable unless he was himself guilty of negligence in leaving such employe in charge of the steering oar.

APPEAL FROM HICKMAN COURT OF COMMON PLEAS.

.April 13, 1877.

OPINION BY JUDGE COFER:

Instruction "A" was properly refused. It contained only an abstract proposition. The court was asked to say that if certain facts existed the appellee was liable as a common carrier, but the extent of the liability of a common carrier was not defined, and the jury would have been left to determine it for themselves.

Instruction "B" was also properly refused. The appellee was not responsible for the negligence of the crew furnished by the appellants. He was only responsible for his own conduct, unless possibly he would have been responsible if he had known a member of the crew was unfit for his place and had failed to discharge him or to inform the appellants, or one of them, of the fact, but of this there was no evidence.

Instructions "C" and "D" were much more favorable to the appellants than the law warranted. In both the jury were told that if the boat was wrecked in consequence of the negligence of the appellee, or McClure, the appellee was liable. The appellee was not responsible if the boat was wrecked in consequence of McClure's negligence, unless the appellee was himself guilty of negligence in leaving McClure in charge of the steering oar and going below to sleep. The appellants did not ask to have the question whether that was negligence submitted to the jury, but assumed that it was the duty of the appellee to be constantly at the oar, and that because he was not there McClure was to be treated as his servant and not as their servant.

It was not necessary to prove that such was the custom of flat boat pilots in order to show that the appellee might sleep at times during the voyage. The court and jury knew without evidence other than their own experience and that general knowledge possessed by every man of intelligence enough to be a comptent juror, that it was impossible for a man to stand at a steering oar without sleep during an entire voyage from Kentucky to New Orleans, and they therefore knew that it must have been contemplated by both parties that the appellee should either sleep while the boat was in motion or that it should be landed for the purpose of giving him opportunity to rest. The appellants did not ask the court to instruct that it was the right or duty of the pilot to land the boat when he needed rest, or that he was guilty of negligence in sleeping without doing so; nor did they ask that the question whether he was guilty of negligence in sleeping

while the boat was under way should be submitted to the jury. The appellee was very clearly not a common carrier. He admitted that he claimed to possess skill and fitness as a pilot and master, and if he had not, the mere fact that he undertook these duties was a representation that he possessed the requisite skill and knowledge.

Neither his skill nor knowledge was questioned, and the only other ground upon which he could be held liable was that the boat was wrecked in consequence of his negligence or carelessness. The question whether he had been guilty of either was submitted to the jury, and in addition the jury were told in instruction "C" that if the oar had been put in the hands of McClure and the boat was wrecked by his negligence, the appellee was liable. That the oar had been placed in McClure's hands was not disputed, and the jury must therefore have found that he was not guilty of any negligence, and it is to be remarked that the court did not define the degree of negligence that would render the appellee liable, and that therefore the jury were authorized under the instructions to find for the appellants, if either the appellee or McClure was guilty of even slight neglect which resulted in stranding the boat; and in instruction 22, given for the appellee, the court was careful to present again the same idea, by telling the jury that the appellee was not responsible if the stranding was caused by the ignorance or want of skill, and not by the negligence or carelessness of McClure.

The question whether the stranding was caused by the negligence or carelessness of the appellee or of McClure having been distinctly submitted in the instructions prepared by the appellants' counsel, in their own way, the appellants cannot have been prejudiced by the abstract propositions in instructions 15 and 16 given for the appellee. It would have been the duty of the court, if it had been asked to do so, to instruct the jury that under the contract between the parties as established by the pleadings the appellee was only liable in case they should find that the boat was stranded in consequence of his negligence or carelessness, and the appellants cannot therefore have been prejudiced by the instructions in reference to the rules by which the contract was to be construed. Any erroneous construction the jury may have given to the contract under those instructions must necessarily have been to the prejudice of the appellee, and not to the prejudice of the appellants. Evidence of the custom of pilots engaged in running boats of like character was competent as bearing upon the question whether the appellee had been guilty of any negligence.

We perceive no error in the record to the prejudice of the appellants and the judgment is *affirmed*.

*Bigger & Reid, for appellant.    C. S. Marshall, for appellee.*